**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SNOWCAST SOLUTIONS LLC d/b/a NOBEL WEATHER ASSOCIATES, an Illinois company, | |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | No. _____ |
| ENDURANCE SPECIALTY HOLDINGS LTD. a Bermuda company, | |
| Defendant. | |

**<u>COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF</u>**

Plaintiff, SnowCast Solutions LLC d/b/a Nobel Weather Associates ("SnowCast" or "Plaintiff"), is a limited liability company legally organized under the laws of the State of Illinois, by and through its attorneys, against Defendant, Endurance Specialty Holdings Ltd. ("Endurance" or "Defendant"), states its Complaint and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

**<u>Parties</u>**

1.      SnowCast is a limited liability company legally organized under the laws of the State of Illinois, and doing business as Nobel Weather Associates.  SnowCast's principal place of business is located at 260 Otis Road, Barrington, Illinois 60010.

2.      Upon information and belief, Endurance is a limited liability company organized and existing under the laws of the country of Bermuda, with its principal place of business at Wellesley House, 90 Pitts Bay Road, Pembroke HM 08, Bermuda (IRS Employer Identification No. 98-0392908). Endurance conducts business in the United States and has a "unit" called

Endurance Global Weather ("EGW"). U.S. Offices for this unit are located at 725 S. Figueroa Street, Suite 2100, Los Angeles, California 90017 and/or at 750 Third Avenue, New York, New York 10017.

3.     Upon information and belief, Endurance and its EGW unit conduct business from the website http://www.endurance.bm/reinsurance/global_weather in the United States. This website is accessible from anywhere in the United States, including this district. Endurance is a New York Stock Exchange-listed insurance and reinsurance company domiciled in Bermuda which operates through its subsidiaries on a global basis. Endurance and its EGW unit write insurance contracts around the world, including in this district.

## Jurisdiction

4.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. and more specifically under 35 U.S.C. § 271 et seq. Plaintiff seeks injunctive relief and actual damages, including Defendant's profits and Plaintiff's costs and attorneys' fees under 35 U.S.C. §§ 284, 285 and 289. This Court has original subject matter jurisdiction over the matters raised herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5.     This Court has personal jurisdiction over Defendant under the Illinois Long-Arm Statute, 735 ILCS 5/2-209(a)(1), (2) and/or (7) and (b)(4), because Defendant regularly transacts business within Illinois and has committed tortious acts within Illinois causing injury to the Plaintiff within the state. Further, this Court's exercise of personal jurisdiction over Defendant complies with the due process requirements of the United States Constitution and the Illinois Constitution.

## Venue

6.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b). Defendant has entered, and is currently in, this district promoting and selling its

products and services. A substantial number of the events giving rise to the claims occurred in this district, and a substantial amount of the injury to Plaintiff's property that is the subject of this action occurred in this district.

**PLAINTIFF'S RIGHTS**

7.      Plaintiff is the sole owner and assignee of U.S. Patent No. 8,543,427, entitled *Weather Risk Management System* (the "'427 patent"), which was issued by the United States Patent and Trademark Office (the "USPTO") on September 24, 2013. The '427 patent issued from U.S. Patent Application No. 12/610,514 (the "'514 application"), which was filed on November 2, 2009. A true and correct copy of the '427 patent is attached hereto as Exhibit A and is incorporated by reference herein.

8.      Plaintiff is also the sole owner and assignee of U.S. Patent No. 8,924,242, also entitled *Weather Risk Management System* (the "'242 patent"), which was issued by the USPTO on December 30, 2014. The '242 patent issued from U.S. Patent Application No. 14/030,627, which was itself a Continuation-in-Part of the '514 application. Thus, the '242 patent also has a priority date of November 2, 2009. A true and correct copy of the '242 patent is attached hereto as Exhibit B and is incorporated by reference herein.

9.      The '427 patent and the '242 patent are valid and enforceable at least until 20 years from their shared priority date, and thus expire no earlier than November 2, 2029.

10.      Plaintiff offers multiple products and services directly to clients and via its websites at www.snowcastsolutions.com and www.nobelweather.com, which include the SnowCast Solutions™. Plaintiff spent considerable time and effort in developing and seeking protection under the United States Intellectual Property Law for its novel invention, including obtaining the '242 patent and the '427 patent covering SnowCast Solutions™.

CHICAGO/#2690110.5

## COUNT I

### Infringement of U.S. Patent No. 8,543,427  Pursuant to § 271 of The Patent Act (35 U.S.C. § 271)

11.    Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 11.

12.    Defendant, operating in consortium with its EGW business unit, through its agent or agents, without permission or license from Plaintiff, has unlawfully and wrongfully made or had made, sold or offered for sale, unlawfully imported or had imported, and is now making or having made, selling or offering for sale, and unlawfully importing or having imported, in direct competition with Plaintiff within the United States, a certain set of tailored products which are performed according to the proprietary and patented methods owned by Plaintiff.

13.    For example, Defendant, via its EGW unit, is offering a suite of weather risk management products and services under the mark WeatherLock®.  The products and services offered in this suite include products offered under the marks TempLock®, RainLock®, WindLock®, SolarLock®, RiverLock®, ENSOLock®, GenLock®, DemandLock®, ConstructionLock®, HydroLock® and SnowLock®.  A copy of the online documentation of the EGW services is attached hereto as Exhibit C.  Certain or all of these different products and services include methods that infringe the '427 patent (the "Infringing Methods").

14.    Upon information and belief, to offer these different products and services, methods are performed which contain, embody and employ the invention(s) claimed in the '427 patent in violation of Plaintiff's exclusive rights thereunder and to a great loss and immediate and irreparable injury to Plaintiff.

CHICAGO/#2690110.5

15.     In an effort to settle this matter amicably, Plaintiff has given actual notice of ownership of the '427 patent to Defendant at least on August 21, 2014 and again on October 27, 2014.  Upon information and belief, Defendant has refused to license Plaintiff's technology, has ignored all commonsense warnings and continues to infringe on Plaintiff's rights.  Plaintiff strongly believes the ongoing and continued sale and offering of products and services which perform the Infringing Methods, infringes on Plaintiff's rights and is willful, reckless and in disregard of the law.

16.     Upon information and belief, Defendant has sold or offered to sell, continues to sell or offer to sell, and has unlawfully imported into the United States products which infringe the methods of Plaintiff for Defendant's own benefit, including regular sales of contracts using the Infringing Methods within this judicial district, in direct violation of Plaintiff's exclusive rights under the '427 patent. As part of this document, the term contract shall be construed as a term of art in the financial area to include, for example, all agreements, options, financial instruments, puts, calls, derivatives or any other such agreements.

17.     Upon information and belief, the Infringing Methods are performed directly by Defendant, and/or by software used by Defendant or its clients, resulting in direct infringement, contributory infringement or vicarious infringement of at least one claim, namely claim 1 of the '427 patent.

18.     Upon information and belief, Defendant's entire EGW unit is built on and profits exclusively, or at least in part, from the aforesaid infringement of the '427 patent and its patented methods.  Defendant's EGW unit is designed to secure gains, profits and advantages, including gains, profits and advantages from regular sales of contracts generated by the Infringing Methods owned by Plaintiff within this judicial district in amounts to be proven at

trial. In this field, Plaintiff and Defendant are direct or indirect competitors offering contracts formed using the patented methods described in the '427 patent, and therefore sales by Defendant directly damage the actual or potential sales of Plaintiff.

19.     As a direct and proximate result of the aforesaid infringement, Plaintiff has been and will be greatly damaged and has been and will be deprived and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Plaintiff is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

20.     Upon information and belief, Defendant has actual and constructive notice of Plaintiff's rights respecting the patented technology.

21.     Upon information and belief, Defendant's infringement is willful and the decision to not stop infringing through practicing the Infringing Methods is in egregious disregard of the law.

## COUNT II

### Infringement of U.S. Patent No. 8,924,242  Pursuant to § 271 of The Patent Act (35 U.S.C. § 271)

22.     Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 22.

23.     Defendant, operating in consortium with its EGW business unit, through its agent or agents, without permission or license from Plaintiff, has unlawfully and wrongfully made or had made, sold or offered for sale, unlawfully imported or had imported, and is now making or having made, selling or offering for sale, and unlawfully importing or having imported, in direct competition with Plaintiff within the United States, a certain set of tailored

CHICAGO/#2690110.5

products which are performed according to the proprietary and patented methods owned by Plaintiff.

24.     For example, Defendant, via its EGW unit, is offering a suite of weather risk management products and services under the mark WeatherLock®.  The products and services offered in this suite include products offered under the marks TempLock®, RainLock®, WindLock®, SolarLock®, RiverLock®, ENSOLock®, GenLock®, DemandLock®, ConstructionLock®, HydroLock® and SnowLock®.  A copy of the online documentation of the EGW services is attached hereto as Exhibit C.  Certain or all of these different products and services include methods that infringe the '242 patent (the "Infringing Methods").

25.     Upon information and belief, to offer these different products and services, methods are performed which contain, embody and employ the invention(s) claimed in the '242 patent in violation of Plaintiff's exclusive rights thereunder and to a great loss and immediate and irreparable injury to Plaintiff.

26.     In an effort to settle this matter amicably, Plaintiff has given actual notice of ownership of the pending application which issued as the '242 patent to Defendant at least on August 21, 2014 and again on October 27, 2014.  Upon information and belief, Defendant has refused to license Plaintiff's technology, has ignored all commonsense warnings and continues to infringe on Plaintiff's rights.  Plaintiff strongly believes the ongoing and continued sale and offering of products and services which perform the Infringing Methods infringes on Plaintiff's rights and is willful, reckless and in disregard of the law.

27.     Upon information and belief, Defendant has sold or offered to sell, continues to sell or offer to sell, and has unlawfully imported into the United States products which infringe the methods of Plaintiff for Defendant's own benefit, including regular sales of contracts using

CHICAGO/#2690110.5

the Infringing Methods within this judicial district, in direct violation of Plaintiff's exclusive rights under the '242 patent. As part of this document, the term contract shall be construed as a term of art in the financial area to include, for example, all agreements, options, financial instruments, puts, calls, derivatives or any other such agreements.

28.     Upon information and belief, the Infringing Methods are performed directly by Defendant, and/or by software used by Defendant or its clients, resulting in direct infringement, contributory infringement or vicarious infringement of at least one claim, namely claim 1 of the '242 patent.

29.     Upon information and belief, Defendant's entire EGW unit is built on and profits exclusively, or at least in part, from the aforesaid infringement of the '242 patent and its patented methods.  Defendant's EGW unit is designed to secure gains, profits and advantages, including gains, profits and advantages from regular sales of contracts generated by the Infringing Methods owned by Plaintiff within this judicial district in amounts to be proven at trial.  In this field, Plaintiff and Defendant are direct or indirect competitors offering contracts formed using the patented methods described in the '242 patent, and therefore sales by Defendant directly damage the actual or potential sales of Plaintiff.

30.     As a direct and proximate result of the aforesaid infringement, Plaintiff has been and will be greatly damaged and has been and will be deprived and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Plaintiff is lawfully entitled and that it would have derived and received but for the aforesaid infringement by Defendant.

31.     Upon information and belief, Defendant has actual and constructive notice of Plaintiff's rights respecting the patented technology.

32.     Upon information and belief, Defendant's infringement is willful and the decision to not stop infringing through practicing the Infringing Methods is in egregious disregard of the law.

## COUNT III

## Uniform Deceptive and Unfair Trade Practices Act (815 ILCS 510/2)

33.     Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this Paragraph 33.

34.     Section 510/2 of the Illinois Uniform Deceptive Trade Practices Act (the "UDTPA") provides, in relevant part that:

> *A person engages in deceptive trade practices when, in the course of his business, location, or occupation, he:*

> \* \* \*

> *(5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;*

> \* \* \*

> *(12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.*

815 ILCS 510/2 (West 1998).

35.     Defendant has actual notice of both the '427 patent and the pending application which issued as the '242 patent, owned by SnowCast, but nevertheless advertises, offers, generates and sells contracts which are believed by its clients to be legal and not to infringe any third-party rights.  Those in the industry who know of SnowCast and its patented methods, customers and/or other third parties may be misled into thinking that Defendant's contracts are

CHICAGO/#2690110.5

produced under a valid license or do not infringe SnowCast's technology, all in violation of Section 2 of the UDTPA.

36. Upon information and belief, Defendant has willfully engaged in deceptive trade practices prohibited by Section 2 of the UDTPA, with the intent to trade upon the goodwill established by Plaintiff.

37. By reason of Defendant's unlawful activities, Plaintiff has been and is likely to be damaged and unless Defendant's activities are restrained, Plaintiff will continue to suffer serious and irreparable injury without a full and adequate remedy at law.

## PRAYER

WHEREFORE, Plaintiff prays that this Court:

(a) adjudge and decree that Defendant contracts as they are generated are infringing the methods covered in the '427 patent and the '242 patent;

(b) preliminarily and permanently enjoin, by reason of said acts of infringement and pursuant to 35 U.S.C. § 283, Defendant, its representatives, officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert with them, from directly or indirectly making or causing to be made, offering for sale, selling or causing to be sold, or using or causing to be used any product in accordance with or embodying any invention(s) or method set forth and claimed in the '427 patent and the '242 patent, including but not limited to the Infringing Methods and contracts generated therewith;

(c) order Defendant to account for all gains, profits and advantages realized from its manufacturing and marketing of contracts built using the Infringing Methods resulting in infringement of the '427 patent and the '242 patent and Defendant's unlawful use and practice of the invention(s) patented in and by the '427 patent and the '242 patent from the beginning of marketing of the contracts built using the Infringing Methods, and other products or necessary

10

accessories sold in connection therewith, and other products that infringe the '427 patent and the '242 patent and accessories sold therewith, up to and including the time of trial;

(d)     order Defendant to pay to Plaintiff such damages as have been sustained by Plaintiff as a result of said infringement(s) by Defendant;

(e)     order a trebling of all damages awarded to Plaintiff pursuant to 35 U.S.C. § 284;

(f)     order that Plaintiff recover prejudgment interest from Defendant pursuant to 35 U.S.C. § 284 on damages awarded to Plaintiff;

(g)     order Defendant to pay to Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(h)     order that Plaintiff recover all its other costs and disbursements that may be incurred by Plaintiff in this action;

(i)     order Defendant, its representatives, officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert with them, to fully compensate Plaintiff for the preparation and distribution of corrective advertising; and

(j)     award Plaintiff such other and further relief as this Court deems just and proper under the circumstances, including available remedies under the UDTPA.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

Respectfully submitted,

SNOWCAST SOLUTIONS LLC

By:  s/Alain Villeneuve
   One of Its Attorneys

ANGELO J. BUFALINO
MICHAEL J. WATERS
ALAIN VILLENEUVE
VEDDER PRICE P.C.
222 N. LaSalle St., Suite 2600
Chicago, Illinois  60601
Telephone:  (312) 609-7500
Fax:  (312) 609-5005
abufalino@vedderprice.com
mwaters@vedderprice.com
avilleneuve@vedderprice.com

Attorneys for Plaintiff
SNOWCAST SOLUTIONS LLC

CHICAGO/#2690110.5